Justin M. Mertz, Esq.  
Wisconsin Bar No. 1056938  
MICHAEL BEST & FRIEDRICH LLP  
790 N. Water Street, Suite 2500  
Milwaukee, WI 53202-4108  
Tel (414) 271-6560  
jmmertz@michaelbest.com  

Thomas D. Berghman, Esq.  
Texas Bar No. 24082683  
MUNSCH HARDT KOPF & HARR, P.C.  
500 N. Akard St., Ste. 3800  
Dallas, Texas 75201  
Tel (214) 855-7554  
tberghman@munsch.com  

*Counsel to Petitioning Creditors*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 23-30035-mvl7 |
| | § | |
| ANIMO SERVICES, LLC, | § | (Chapter 7) |
| | § | |
| ALLEGED DEBTOR. | § | |
| | § | |

### PETITIONING CREDITORS' PRE-CONFERENCE STATEMENT

MBO Partners, Inc., The Great Realization, LLC, McLaren Strategic Solutions, Inc., EastBanc Technologies, LLC, Kublr, LLC, and Unqork, Inc. (collectively, the "**Petitioning Creditors**"), by their counsel Michael Best & Friedrich LLP, hereby file this Pre-Conference Statement.

### PROCEDURAL HISTORY

1. The Petitioning Creditors filed an involuntary Chapter 7 bankruptcy petition (the "**Petition**") against Animo Services, LLC (the "**Alleged Debtor**") on January 4, 2023. (Docket No. 1.)

2. On January 6, 2023, the Petitioning Creditors served upon the Alleged Debtor a copy of the Petition, the Summons To Debtor (Docket No. 5), and the Standing Scheduling Order Regarding Involuntary Cases (Docket No. 6). Pursuant to Fed. R. Bankr. P. 7004(b)(3), service was effectuated by First Class Mail. (*See* Docket No. 8.)

3. The Alleged Debtor was also served pursuant to Fed. R. Civ. P. 4(h)(1) by personally serving the Alleged Debtor's Registered Agent, Kennedy Sutherland LLP, on January 9, 2023. (*See* Docket No. 9.)

4. The Answer/Objection date by which the Alleged Debtor was required to file any response lapsed on January 27, 2023, which was 21 days after service.

5. In addition to mail and personal service mentioned above, undersigned counsel also emailed and mailed copies of the Petition, Summons, and Scheduling Order to two separate law firms that had previously (as of last month) represented the Alleged Debtor. One firm responded that it no longer represented the Alleged Debtor, and the other firm never responded.

## THE PETITIONING CREDITORS' STATEMENT OF FACTS

6. The Alleged Debtor is one affiliate of a group of companies that did business under the name "GloriFi"; GloriFi was a finance technology startup, which was poised to offer partisan banking options. Rachel L. Ensign, et al., *How a New Anti-Woke Bank Stumbled*, WALL STREET JOURNAL, Oct. 11, 2022.

7. To serve its customers, the Alleged Debtor aimed to offer checking and savings accounts, credit cards, mortgages, brokerage accounts, insurance policies, and its own "app." *Id*.

8.  Upon belief, the "GloriFi" family is comprised of various affiliated entities including With Purpose, Inc., Glorifi Bancorp., various mortgage and insurance entities with the "GloriFi" moniker, Animo Mortgage Company LLC d/b/a GloriFi Mortgage, and the Alleged Debtor, Animo Services, LLC.

9.  Based on the information obtained by the Petitioning Creditors, it appears that the Alleged Debtor acted as an "operating entity" for the GloriFi family of companies.

10. Although the Alleged Debtor launched its GloriFi app in September 2022, offering credit cards, checking, and savings accounts, *id.*, it continued to suffer what it described as "financial challenges related to startup mistakes, reputation attacks, the declining economy, and multiple negative media stories." GloriFi, *November 21, 2022 Announcement* (Nov. 21, 2022), https://glorifi.com/.

11. Throughout the 4th quarter of 2022, the Alleged Debtor accumulated substantial debts for unpaid services to each of the Petitioning Creditors as set forth in the Petition.

12. Each of the Petitioning Creditors contracted with the Alleged Debtor to provide various professional services to the Alleged Debtor, and the Alleged Debtor has failed to pay the obligations owed to the Petitioning Creditors for their services as they became due.

13. The Alleged Debtor's debts to the Petitioning Creditors are not subject to bona fide dispute. (*See* Petition, Docket No. 1.) Collectively, the Petitioning Creditors' claims total **$8,741,658.59**. (Dkt. 1-1.)

14. The Alleged Debtor has not controverted the Petition as would be required under 11 U.S.C. § 303(h). ("If the petition is not timely controverted, the court shall order relief against the debtor. . . .")

## COMPETING STATEMENT OF FACTS & MEETING

15. The Alleged Debtor has not appeared in these proceedings; as such undersigned counsel could not meet and confer with any counsel for the Alleged Debtor.

Respectfully submitted: January 31, 2023.

**MICHAEL BEST & FRIEDRICH LLP**

By: */s/ Justin M. Mertz*
Justin M. Mertz, Esq.
Wisconsin Bar No. 1056938
Mason A. Higgins, Esq.
Wisconsin Bar No. 1124805
790 N. Water Street, Suite 2500
Milwaukee, WI 53202-4108
Phone: 414.271.6560
Fax: 414.277.0656
Email: jmmertz@michaelbest.com
mahiggins@michaelbest.com

*-and-*

**MUNSCH HARDT KOPF & HARR, P.C.**

Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St., Ste. 3800
Dallas, Texas 75201
Tel (214) 855-7554
tberghman@munsch.com

*Counsel for the Petitioning Creditors*

**CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that, on this 31st day of January, 2023, he caused a true and correct copy of this document to be served via the Court's ECF notification system on all parties entitled to notice thereby.

By: *Justin M. Mertz*
   Justin M. Mertz