Kenneth A. Hill
Quilling, Selander, Lownds,
   Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
ATTORNEYS FOR THE TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ANIMO SERVICES, LLC, | § | CASE NO. 23-30035-mvl7 |
| | § | |
| DEBTOR. | § | |

## MOTION TO APPROVE SETTLEMENT WITH NETRIX, LLC

## NOTICE

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE ST., DALLAS, TX 75242 BEFORE THE CLOSE OF BUSINESS ON MARCH 14, 2024 WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.

ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

TO THE HONORABLE MICHELLE V. LARSON, UNITED STATES BANKRUPTCY JUDGE:

Areya Holder Aurzada (the "**Trustee**"), the chapter 7 trustee for Animo Services, LLC (the "**Debtor**"), files this *Motion to Approve Settlement with Netrix, LLC*, and would respectfully show as follows:

## I.  FACTUAL BACKGROUND

1. On January 4, 2023, an involuntary petition for relief under chapter 7 of the United States Bankruptcy Code was filed against the Debtor. This Court entered an order for relief under chapter 7 against the Debtor on February 9, 2023. The Trustee was appointed as the chapter 7 trustee, and she continues to serve in that capacity.

2. The Trustee made demand upon Netrix, LLC ("**Netrix**") and threatened to file an adversary proceeding in this Court against Netrix to avoid and recover four transfers by the Debtor to Netrix within ninety days before the date of the involuntary petition totaling $1,713,221.97 (collectively, the "**Transfers**").

3. Following negotiations, the Trustee and Netrix reached a settlement of all claims.

## II.  SUMMARY OF THE SETTLEMENT

4. A copy of the proposed Settlement Agreement between the Trustee and Netrix is attached hereto as Exhibit "A" and is fully incorporated herein (the "**Settlement Agreement**"). Following is a summary of the proposed Settlement Agreement:

    (a) Netrix will pay the Trustee $400,000.00 over a period of one year; and

    (b) broad mutual releases of all claims.

5. For a complete understanding of the settlement, interested parties should refer to the Settlement Agreement itself. The terms of the Settlement Agreement will control over any inconsistent or conflicting terms stated in this Motion.

## III.  ARGUMENT AND AUTHORITIES

6. The Trustee believes the Settlement Agreement to be in the best interests of the Debtor's bankruptcy estate. Accordingly, the Trustee respectfully requests that the Court exercise its discretion pursuant to Bankruptcy Rule 9019(a) and approve the Settlement Agreement on behalf of the Debtor's bankruptcy estate.

A. **Relevant Legal Standards**

7. The law, and particularly bankruptcy law, favors compromise. The United States Supreme Court has explained that "[c]ompromises are a normal part of the process of [bankruptcy]. In administering [bankruptcy] proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts." *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

8. Under Bankruptcy Rule 9019, the decision whether to approve a compromise of controversies lies within the sound discretion of the bankruptcy court. *In re AWECO, Inc.*, 725 F.2d 293, 297 (5th Cir. 1984), *cert. denied*, 469 U.S. 880 (1984). However, the approval must receive the "informed, independent judgment of the bankruptcy court." *Anderson*, 390 U.S. 414. Thus, a sufficient factual background must be provided in order to permit the court to reach an "intelligent, objective and educated evaluation" of the settlement. *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980). Specifically, the test to apply is:

> whether or not the terms of the proposed compromise fall within the reasonable range of litigation possibilities. The reviewing court must determine that the value of the proposed compromise distribution is reasonably equivalent to the value of the potential claim which has been surrendered or modified by the settlement which has been achieved.

*Barry v. Smith (In re New York, New Haven and Hartford R.R. Co.)*, 632 F.2d 955, 960 (2d Cir. 1980), *cert. denied sub nom.*, *Barry v. American Fin. Enters., Inc.*, 449 U.S. 1062 (1980).

9. Although the court should not act as a mere rubber stamp, it also should not conduct a mini-trial on the merits of the settlement. *Official Committee of Unsecured Creditors v. Cajun Electric Power Coop., Inc. (In re Cajun Electric Power Coop., Inc.)*, 119 F.3d 349, 355 (5th Cir. 1997). Rather, the court's obligation is to "canvass the issues and see whether the settlement 'falls

below the lowest point in the range of reasonableness.'" *In re Dow Corning Corp.*, 192 B.R. 415, 421 (Bankr. E.D. Mich. 1996).

10. Any factor "relevant to a full and fair assessment of the wisdom of [a] proposed compromise" should be considered by the court. *Anderson*, 390 U.S. at 424. The Fifth Circuit Court of Appeals identified four primary factors to be considered in ruling on a proposed settlement:

(a) the probability of success in the litigation, with due consideration for the uncertainty in fact and law;

(b) the complexity and likely duration of the litigation and any attendant expense, inconvenience, and delay;

(c) all other factors bearing on the wisdom of the compromise, including the paramount interest of creditors; and

(d) the extent to which the settlement is truly the product of arms-length bargaining, and not fraud or collusion.

*Connecticut Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortgage Corp.)*, 68 F.3d 914, 917-18 (5th Cir. 1995); *see also Cajun*, 119 F.3d at 356.

B. **Factors Applied to the Proposed Settlement Agreement**

11. The Trustee believes that her overall probability of success against Netrix is moderate and that any judgment obtained would be for a significantly lower amount than $1,713,221.97. The Trustee recognizes that there are potential legal and factual impediments with respect to her threatened claims against Netrix and that there is always uncertainty in litigation. Netrix has informally denied the Trustee's threatened claims and asserted various defenses

concerning the Transfers. Netrix is represented by experienced and respected bankruptcy counsel who are well qualified to vigorously defend the Trustee's claims against Netrix.

12. The Trustee does not believe that the litigation against Netrix would be complex, but she believes it would take approximately six months to be decided by trial, possibly followed by a year or more for appeals to be exhausted. The Trustee estimates that the Debtor's bankruptcy estate would incur attorneys' fees and expenses totaling tens of thousands of dollars to pursue an adversary proceeding through trial, without factoring in any additional fees or expenses for collection efforts and possible appeals.

13. The economic impact of the proposed Settlement Agreement is in the best interest of the Debtor's bankruptcy estate. Through the proposed settlement, the Trustee will receive a significant recovery and enable her to make a meaningful distribution to the Debtor's creditors without any of the expense, uncertainty, or delay of pursuing an adversary proceeding through litigation and collection.

14. The proposed Settlement Agreement is the product of arms-length bargaining and not fraud or collusion.

## IV. CONCLUSION

WHEREFORE, PREMISES CONSIDERED Trustee requests that the Court enter an order approving the Settlement Agreement and granting the Trustee such other and further relief, at law or in equity, to which she may be justly entitled.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS,
   WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

By: */s/ Kenneth A. Hill*
    Kenneth A. Hill
    Texas Bar No. 09646950
ATTORNEYS FOR THE TRUSTEE

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document was served concurrently with the filing of the same by (a) the Court's CM/ECF noticing system upon all persons who have filed ECF appearances in this case, including counsel of record for the Debtor, the Trustee, the Office of the United States Trustee, and all persons and entities requesting notice under L.B.R. 2002-1(j), and (b) first class mail, postage prepaid, on the persons and entities set forth on the attached service list. The service list is omitted from service copies to avoid unnecessary copying and postage charges, but a copy can be obtained free of charge by making a written request to Diana Cruz at Quilling, Selander, Lownds, Winslett & Moser, P.C., 2001 Bryan Street, Suite 1800, Dallas, Texas 75201, fax (214) 871-2111, e-mail dcruz@qslwm.com.

    */s/ Kenneth A. Hill*
    Kenneth A. Hill

# Exhibit "A"

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is entered into by and between (a) Areya Holder Aurzada (the "Trustee"), in her capacity as the chapter 7 trustee for Animo Services, LLC (the "Debtor") and (b) Netrix, LLC ("Netrix"). For ease of reference, the Trustee and Netrix together will be called the "Parties," and each will be called a "Party."

WHEREAS, an involuntary petition for relief under chapter 7 of the United States Bankruptcy Code was filed against the Debtor on January 4, 2023 in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"), Case No. 23-30035-mvl7 (the "Bankruptcy Case").

WHEREAS, the Bankruptcy Court entered an order for relief under chapter 7 of the Bankruptcy Code against the Debtor on February 9, 2023 in the Bankruptcy Case;

WHEREAS, the Trustee was appointed as the chapter 7 trustee for the Debtor in the Bankruptcy Case, and she continues to serve in that capacity;

WHEREAS, the Trustee, in her capacity as the chapter 7 trustee for the Debtor, made demand upon Netrix and threatened to file an adversary proceeding in the Bankruptcy Court against Netrix to avoid and recover four transfers by the Debtor to Netrix within ninety days before the date of the involuntary petition totaling $1,713,221.97 (collectively, the "Transfers");

WHEREAS, Netrix and the Trustee negotiated a settlement of the Trustee's claims against Netrix related to the Transfers, subject to the Bankruptcy Court's approval.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby mutually acknowledged, the Trustee and Netrix agree as follows:

1.  <u>Effective Date</u>. This Settlement Agreement shall be effective on the date that an order of the Bankruptcy Court approving this Settlement Agreement becomes final and non-appealable.

2.  <u>Settlement Amount</u>. Netrix will pay the Trustee a total of Four Hundred Thousand and No/100ths Dollars ($400,000.00) by making the following payments (collectively, the "Settlement Payments"): four equal quarterly payments of One Hundred Thousand and no/100ths Dollars ($100,000.00) each beginning on the fourteenth day after the Effective Date and continuing the same day of the third, sixth, and ninth months after the due date of the first payment. All Settlement Payments must be made by check payable to the order of "Areya Holder Aurzada, Trustee," must include "Animo Services" in the memo line, and must be mailed to the Trustee at the following address:

    Areya Holder Aurzada
    P.O. Box 2105
    Addison, TX 75001-2105.

<u>SETTLEMENT AGREEMENT</u>　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　PAGE 1
6869403.1

3. <u>Release by Netrix</u>. Subject to approval of this Settlement Agreement by the Bankruptcy Court, Netrix hereby releases the Trustee and the Debtor's bankruptcy estate of all claims, debts, liabilities, demands, costs, obligations, expenses, accounts, actions, and causes of action, including but not limited to any claim for amounts owed by the Debtor or the Debtor's bankruptcy estate for goods or services and any claim related to the Settlement Payment under section 502(h) of the Bankruptcy Code; *provided*, however, that nothing in this paragraph shall release the Trustee or the Debtor's bankruptcy estate from their obligations under this Settlement Agreement.

4. <u>Release by Trustee</u>. Subject to (a) approval of this Settlement Agreement by the Bankruptcy Court, and (b) receipt of the full Settlement Payment in good funds, the Trustee, on behalf of the Debtor's bankruptcy estate, hereby releases Netrix of all claims, debts, liabilities, demands, costs, obligations, expenses, accounts, actions, and causes of action, including but not limited to all claims and causes of action related to the Transfers; *provided*, however, that nothing in this paragraph shall release Netrix from its obligations under this Settlement Agreement.

5. <u>Costs</u>. Each of the Parties hereby agrees to bear her/its own costs and expenses (including attorneys' fees and expenses) incurred in connection with any demand, claim, cause of action, or liability between them arising out of or related to the Transfers, this Settlement Agreement, and consummation of the terms of this Settlement Agreement.

6. <u>Binding Effect</u>. Each of the Parties hereby agrees that this Settlement Agreement shall be binding on her/it and her/its heirs, devises, successors, assigns and personal representatives.

7. <u>Representations of Trustee</u>. The Trustee hereby represents that as of the day hereof, subject to Bankruptcy Court approval, she has the authority to execute this Settlement Agreement and to undertake whatever actions are required of the Trustee to consummate the terms of this Settlement Agreement. The Trustee further represents and acknowledges that she has consulted with legal counsel in connection with this Settlement Agreement; has carefully read and understood the provisions of this Settlement Agreement; and after having consulted with counsel, has willingly and with full knowledge entered into this settlement; and this Settlement Agreement is not subject to fraud, duress or overreaching.

8. <u>Representations of Netrix</u>. Netrix hereby represents that as of the day hereof, subject to Bankruptcy Court approval, it has the authority to execute this Settlement Agreement and to undertake whatever actions are required of it to consummate the terms of this Settlement Agreement. Netrix further represents and acknowledges that it has consulted with legal counsel in connection with this Settlement Agreement; has carefully read and understood the provisions of this Settlement Agreement; and after having consulted with counsel, has willingly and with full knowledge entered into this settlement; and this Settlement Agreement is not subject to fraud, duress or overreaching.

9. <u>Entire Agreement</u>. This Settlement Agreement constitutes the full and complete agreement of the Parties with respect to the settlement and all other matters described herein. This Settlement Agreement may be amended only by written instrument signed by both Parties.

10. <u>Counterparts</u>.  This Settlement Agreement may be executed in counterparts, including signature by facsimile and/or electronic mail, all of which together for all purposes constitute one agreement binding on both Parties.

11. <u>Governing Law</u>.  This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Texas and the United States.  This Settlement Agreement is to be performed in Dallas County, Texas.

_____
Areya Holder Aurzada, Chapter 7 Trustee
for Animo Services, LLC
Date:

Netrix, LLC

By: _____
Printed Name:
Title:
Date:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ANIMO SERVICES, LLC, | § | CASE NO. 23-30035-mvl7 |
| | § | |
| DEBTOR. | § | |

## ORDER APPROVING SETTLEMENT WITH NETRIX, LLC

On this date, the Court considered the *Motion to Approve Settlement with Netrix, LLC* (Docket No. ___, the **"Motion"**) filed by Areya Holder Aurzada (the "**Trustee**"), the chapter 7 trustee for Animo Services, LLC (the "**Debtor**") in the above-referenced bankruptcy case. After reviewing the Motion and considering the record in this case, the Court finds that the Motion has merit and should be granted. In particular, the Court finds as follows:

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157. This matter involves the sale of property of the estate and is, therefore, a core proceeding under 28 U.S.C. §157(b)(2).

2. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

3. The Motion was properly filed and served in accordance with all applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court. No timely response or objection was filed to the Motion.

4. On January 4, 2023, an involuntary petition for relief under chapter 7 of the United States Bankruptcy Code was filed against the Debtor. This Court entered an order for relief under chapter 7 against the Debtor on February 9, 2023. The Trustee was appointed as the chapter 7 trustee, and she continues to serve in that capacity.

5. The Settlement Agreement attached as Exhibit "A" to the Motion (the **"Settlement Agreement"**) is in the best interest of the Debtor's bankruptcy estate and represents a sound exercise of the Trustee's business judgment.

It is therefore ORDERED that the Court approves the settlement on the terms and conditions stated in the Settlement Agreement, and the Trustee is authorized to enter into and consummate the Settlement Agreement.

# # # End of Order # # #

Submitted by:
Kenneth A. Hill
Quilling, Selander, Lownds,
   Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201

```
Label Matrix for local noticing          Animo Services, LLC                      Dallas County
0539-3                                    11700 Preston Road. Suite 660-394        Linebarger Goggan Blair & Sampson, LLP
Case 23-30035-mvl7                                                                c/o Sherrel K. Knighton
Northern District of Texas                Dallas, TX 75230-6112                    2777 N. Stemmons Frwy
Dallas                                                                             Suite 1000
Thu Feb 22 09:36:00 CST 2024                                                       Dallas, TX 75207-2328

EastBanc Technologies, LLC                Kublr, LLC                               Lain Faulkner & Co., PC
1211 31st Street, N.W.                    1211 31st Street, N.W.                   400 N. St. Paul Street, Suite 600
Washington, DC 20007-3423                 Washington, DC 20007-3423                Dallas, TX 75201-6897


MBO Partners, Inc.                        McLaren Strategic Solutions, Inc.        Neugebauer Family Enterprises LLC, Toby Neug
20405 Exchange St.                        One Park Plaza, Ste. 600                 c/o Jackson Walker LLP
Ashburn, VA 20147-5934                    Irvine, CA 92614-5987                    Attn: Bruce J. Ruzinsky
                                                                                   1401 McKinney Street, Suite 1900
                                                                                   Houston, TX 77010-1900


Oracle America, Inc.                      Savana, Inc.                             The Great Realization, LLC
Buchalter PC                              c/o Bell Nunnally & Martin LLP           10601 Clarence Dr., Ste. 250
c/o Shawn M. Christianson                 2323 Ross Avenue, Suite 1900             Frisco, TX 75033-3867
425 Market St., Suite 2900                Dallas, TX 75201-2721
San Francisco, Ca 94105-2491


Unqork, Inc.                              1100 Commerce Street                     Davis & Jones, LLC
85 5th Ave., 6th Floor                    Room 1254                                Attn: Patrick R. Thesing - File No. 1149
New York, NY 10003-3019                   Dallas, TX 75242-1305                    Arlington, TX 76006


Insurance Services Office, Inc.           Justin Mertz                             Matthew Wapner
Mathew Wapner                             500 Boylston Street                      McCarter & English, LLP
McCarter & English, LLP                   Suite 2570                               100 Mulberry Street
100 Mulberry Street, Four Gateway Center  Boston, MA 02116-4044                    Four Gateway Center
Newark, NJ 07102                                                                   Newark, NJ 07102-4062


OnPoint Companies LLC                     Oracle America, Inc.                     Scott M Seidel, trustee
c/o Steven T. Holmes                      c/o Shawn M. Christianson, Esq.          Seidel Law Firm
CAVAZOS HENDRICKS POIROT, P.C.            Buchalter PC                             6505 W. Park Blvd.
900 Jackson Street, Suite 570             425 Market St., Suite 2900               Suite 306
Dallas, TX 75202-2413                     San Francisco, CA 94105-2491             Plano, Texas 75093-6212


Transmit Security, Inc.                   United States Trustee                    Areya Holder
500 Boylston Street                       1100 Commerce Street                     Areya Holder, Trustee
Suite 2570                                Room 976                                 Law Office of Areya Holder, PC
Boston, MA 02116-4044                     Dallas, TX 75242-0996                    PO Box 2105
                                                                                   Addison, TX 75001-2105


Scott M. Seidel                           Toby Neugebauer
SEIDEL LAW FIRM                           c/o Jackson Walker LLP
6505 West Park Blvd.                      Attn: Bruce J. Ruzinsky
Suite 306                                 1401 McKinney St.
Plano, TX 75093-6212                      Suite 1900
                                          Houston, TX 77010-1900
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)OnPoint Companies, LLC

(d)Savana, Inc.
c/o Bell Nunnally & Martin LLP
2323 Ross Avenue, Suite 1900
Dallas, TX 75201-2721

End of Label Matrix
Mailable recipients   25
Bypassed recipients    2
Total                 27