Chase J. Potter
Texas State Bar No. 24088245
potter@imcplaw.com
Joshua L. Shepherd
Texas State Bar No. 24058104
shepherd@imcplaw.com
IACUONE MCALLISTER POTTER PLLC
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
(214) 432-1536– Telephone

COUNSEL FOR THE AGENT AND
SPECIAL COUNSEL FOR
AREYA HOLDER AURZADA, TRUSTEE

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 23-30035-mvl7** |
| | § | |
| **ANIMO SERVICES, LLC,** | § | **Chapter 7** |
| | § | |
| **DEBTOR.** | § | |

# TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING AND DIRECTING PAYMENT OF MBO/TGR SETTLEMENT PROCEEDS TO GLORIFI ACQUISITIONS, LLC

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE ST., RM. 1254, DALLAS, TX 75242-1496 BEFORE CLOSE OF BUSINESS ON SEPTEMBER 21, 2026, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE MICHELLE V. LARSON,
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Areya Holder Aurzada (the "Trustee"), the duly appointed chapter 7 trustee of the bankruptcy estate (the "Estate") of Animo Services, LLC (the "Debtor"), the debtor in the above styled and numbered bankruptcy case (the "Bankruptcy Case"), and files this, her *Motion for an Order Authorizing and Directing Payment of MBO/TGR Settlement Proceeds to GloriFi Acquisitions, LLC* (the "Motion"), respectfully stating as follows:

**JURISDICTION AND VENUE**

1. On January 4, 2023 (the "Petition Date"), an involuntary petition for relief was filed against the Debtor under Chapter 7 of the Bankruptcy Code. On February 9, 2023, the Court entered its *Order for Relief in an Involuntary Case* [Docket No. 12].

2. The Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Said jurisdiction is core under 28 U.S.C. § 157(b)(2). Venue of the Bankruptcy Case before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

**RELIEF REQUESTED**

3. The Trustee requests the relief herein by right of sections 328(a) and 363 of Title 11 of the United States Code §§ 101 *et seq*. (the "Bankruptcy Code"), Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the *Agreement* between GloriFi Acquisitions, LLC (the "Agent") and the Trustee [Docket No. 113, pp. 9-26] (the "Agent Agreement") as approved by the Sale Order (defined below).

4. By this Motion, the Trustee seeks to disburse the amount of $894,715.58 (interest calculated as of August 19, 2026) of the MBO and TGR Settlement Proceeds (defined below) to be received pursuant to the MBO and TGR Settlement (defined below) to the Agent in accordance with the Agent Agreement. The exact amount to be disbursed will depend on the day of

disbursement to account for accruing interest.

## BACKGROUND & PROCEDURAL HISTORY

### A. The Sale Order and Agent Agreement

5. On January 28, 2025, the Trustee filed her *Motion to Approve Sale of Interests in Unencumbered Causes of Action Free and Clear of Interests* [Docket No. 84] (the "Sale Motion") between the Trustee and the Agent. The Sale Motion was part of the Trustee's ongoing efforts to monetize the Estate's causes of action.

6. On February 6, 2025, the Court entered its *Order Approving Sale of Interests in Unencumbered Causes of Action Free and Clear of Interests* [Docket No. 94] (the "Sale Order") approving the Agent Agreement. The Trustee and the Agent subsequently executed the Agent Agreement, a copy of which is reflected on the Court's Docket at Docket No. 113, at pages 9 through 26.[1]

7. Under the Agent Agreement, the Agent is entitled to a "Preferred Recovery" which requires the Agent to be paid from all Unencumbered Net Proceeds[2] until the "Preferred Recovery" is satisfied:

| UNENCUMBERED NET PROCEEDS | AGENT | ESTATE |
| --- | --- | --- |
| Up to Preferred Recovery | 100% | 0% |
| Above the Preferred Recovery | 80% | 20% |

> 25. **Preferred Recovery. The Agent will receive a preferred recovery in the amount of (i) $200,000, plus (ii) advanced Special Counsel Fees, plus (iii) incurred Agent Expenses, plus (iv) 1% per month return on the outstanding balance of (i) through (iii), compounded monthly (collectively, the "Preferred Recovery").**

[Docket No. 113, p. 13 of 38].

---

[1] This filed version of the executed Agent Agreement is redacted solely to remove the images of the signatures of the Trustee and the Agent's representative, respectively.

[2] As that term is defined within the Agent Agreement. *See* [Docket No. 113, p. 11 of 38] (hereinafter, "Unencumbered Net Proceeds").

8. To date, the Trustee has made $49,500.00 in distributions to the Agent on account of the Preferred Recovery. Moreover, the MBO and TGR Settlement Proceeds constitute Unencumbered Net Proceeds.

**B. IMcP: The Employment Order and Compensation Order**

9. On March 6, 2025, the Trustee filed her *Amended Application to Employ Iacuone McAllister Potter PLLC as Special Counsel* [Docket No. 113] (the "Employment App.").[3] Through the Employment App., the Trustee sought to employ Iacuone McAllister Potter PLLC ("IMcP") as special counsel to the Estate.

10. On April 4, 2025, the Court entered its *Order Granting Trustee's Amended Application to Employ Iacuone McAllister Potter PLLC as Special Counsel* [Docket No. 119] (the "Employment Order") approving IMcP's employment as special counsel.

11. On January 8, 2026, the Trustee filed her *Motion to Approve Compensation of Iacuone McAllister Potter PLLC* [Docket No. 134] (the "Compensation Motion"). Through the Compensation Motion, the Trustee sought the Court's approval of a compensation structure for IMcP that is a contingency-only basis. Under this compensation arrangement, IMcP is to be compensated for each demand, cause of action, claim, and/or lawsuit pursued by IMcP on behalf of the Estate *solely* on a contingency fee basis totaling forty percent (40%) of the gross recovery (the "Compensation Arrangement").

12. On February 6, 2026, the Court entered its *Order Granting Trustee's Motion to Approve Compensation of Iacuone McAllister Potter PLLC* [Docket. No. 139] (the "Compensation Order") approving the Compensation Arrangement pursuant to section 328(a) of the Bankruptcy Code.

[3] The original Employment App. was filed one day earlier, *see* [Docket No. 112], and was subsequently amended solely to include "negative notice" language pursuant to the Court's local rules.

**C. The Waller Settlement**

13. On December 12, 2025, the Trustee filed her *Motion Under Bankruptcy Rule 9019 for Approval of Compromise and Settlement with Waller Lansden Dortch & Davis, LLP* [Docket No. 131] (the "Waller 9019"). The Waller 9019 sought the Court's approval of a proposed compromise and settlement between the Trustee, on behalf of the Estate, and Waller Lansden Dortch & Davis, LLP ("Waller"), pursuant to a proposed *Settlement Agreement* and the settlement evidenced thereby (the "Waller Settlement"). *See* Docket Nos. 131 and 131-1.

14. On January 23, 2026, the Court entered its *Order Granting Trustee's Motion Under Bankruptcy Rule 9019 for Approval of Compromise and Settlement with Waller Lansden Dortch & Davis, LLP* [Docket No. 136] approving the Waller Settlement ("Waller Order"). Pursuant to the Waller Order, the Estate has received $7,500.00 (the "Waller Proceeds").

**D. The Verafin Settlement**

15. On March 24, 2026, the Trustee filed her *Motion Under Bankruptcy Rule 9019 for Approval of Compromise and Settlement with NASDAQ Verafin, LLC* [Docket No. 140] (the "Verafin 9019"). The Verafin 9019 sought the Court's approval of a proposed compromise and settlement between the Trustee, on behalf of the Estate, and NASDAQ Verafin, LLC ("Verafin"), pursuant to a proposed *Settlement Agreement* and the settlement evidenced thereby (the "Verafin Settlement"). *See* Docket Nos. 140 and 140-1.

16. On April 23, 2026, the Court entered its *Order Granting Trustee's Motion Under Bankruptcy Rule 9019 for Approval of Compromise and Settlement with NASDAQ Verafin, LLC* [Docket No. 143] approving the Verafin Settlement ("Verafin Order"). Pursuant to the Verafin Order, the Estate has received $75,000.00 (the "Verafin Proceeds," and together with the Waller Proceeds, the "Waller and Verafin Proceeds").

17. On July 1, 2026, the Trustee filed her *Motion for an Order Authorizing and Directing Payment of Settlement Proceeds to (I) Iacuone McAllister Potter PLLC and (II) Glorifi Acquisitions, LLC* [Docket No. 144] (the "Waller and Verafin Proceeds Disbursement Motion").

18. On July 27, 2026, the Court entered its *Order Approving the Trustee's Motion for an Order Authorizing and Directing Payment of Settlement Proceeds to (I) Iacuone McAllister Potter PLLC and (II) Glorifi Acquisitions, LLC* [Docket No. 148] (the "Waller and Verafin Proceeds Disbursement Order").

19. Pursuant to the Waller and Verafin Proceeds Disbursement Order, the Court authorized and directed the Trustee to pay to: (i) IMcP $33,000.00 for its contingency fee, constituting forty percent (40%) of the Waller and Verafin Proceeds; and (ii) the Agent $49,500.00, representing the remaining sixty percent (60%) of the Waller and Verafin Proceeds.

**E. The MBO/TGR Settlement**

20. On July 28, 2026, the Trustee filed her *Motion Under Bankruptcy Rule 9019 for Approval of Compromise and Settlement with Defendants MBO Partners, Inc. and The Great Realization, LLC* [Docket No. 149] (the "MBO and TGR 9019"). The MBO and TGR 9019 seeks the Court's approval of a proposed compromise and settlement between: (i) the Trustee, on behalf of the Estate, and (ii) MBO Partners, Inc. ("MBO") and The Great Realization, LLC ("TGR"), pursuant to a proposed *Settlement Agreement* and the settlement evidenced thereby (the "MBO and TGR Settlement"). *See* Docket Nos. 149 and 149-1.

21. On August 20, 2026, the Court entered its *Order Granting Trustee's Motion Under Bankruptcy Rule 9019 for Approval of Compromise and Settlement with Defendants MBO Partners, Inc. and The Great Realization, LLC* [Docket No. 155] (the "MBO and TGR Order"). Pursuant to the MBO and TGR Settlement and the MBO and TGR Order, the Estate will receive

$1,775,000.00 of settlement proceeds (the "MBO and TGR Settlement Proceeds") and from that amount, will pay IMcP $710,000.00, constituting forty percent (40%) of the MBO and TGR Settlement Proceeds. *See* Docket Nos. 149-1, 149-3, and 155.

22. The disbursement to the Agent from the remainder of the MBO and TGR Settlement Proceeds is the subject of this Motion.

## DISCUSSION

23. Pursuant to the Agent Agreement, the Trustee seeks the authority and direction to pay to the Agent $894,715.58 (interest calculated as of August 19, 2026) from the MBO and TGR Settlement Proceeds in accordance with the terms of the Agent Agreement, plus accrued interest to the date of payment.

24. The Agent is entitled to a "Preferred Recovery" of 100% of Unencumbered Net Proceeds up to the amount of $200,000.00, plus certain fees, costs, and interest as outlined above. After satisfaction of the "Preferred Recovery" amount, the Agent is entitled to 80% of any Unencumbered Net Proceeds, and the Estate to 20% of any Unencumbered Net Proceeds, after accounting for any fees owed to IMcP.

25. The Agent has already received $49,500 of "Preferred Recovery" pursuant to the Waller and Verafin Proceeds Disbursement Order. From this amount, the Agent applied $39,769.69 to interest, and $9,730.31 to reduce the $200,000.

26. The following are the components of the amount proposed to be paid to the Agent and the amount to be retained by the estate from the MBO and TGR Settlement Proceeds:

a. $200,000 less $9,730.31 = $190,269.69;

b. Interest as of August 19, 2026 in the amount of $763.53 and accruing per diem in the amount of $61.38 (a new per diem amount will start on

September 1, 2026 due to interest compounding monthly);

c. Agent Expenses in the amount of $22,544.70 through July, 2026.[4] The sum of $190,269.69 + $763.53 + $22,544.70 = $213,577.92 constituting the Preferred Recovery.

d. The balance of the MBO and TGR Settlement Proceeds after satisfaction of the contingency fee of $710,000 = $1,065,000.

e. In sum, Trustee seeks the authority and direction to pay to the Agent $213,577.92 (interest calculated as of August 19, 2026) plus per diem interest to the date of payment on account of the Preferred Recovery, leaving a balance of the MBO and TGR Settlement Proceeds in the amount of $851,422.08. Of this balance, the Agent is entitled to $681,137.66 on account of the 80% sharing, and the Estate is entitled to retain the amount of $170,284.42 on account of the 20% sharing.

27. The Trustee, "after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). "Section 363 of the Bankruptcy Code addresses the Debtor's use of property of the estate and incorporates a business judgment standard. . . . The business judgment standard in section 363 is flexible and encourages discretion." *ASARCO, Inc. v. Elliot Mgmt. (In re ASARCO, LLC)*, 650 F.3d 593, 601 (5th Cir. 2011).

28. The "Preferred Recovery" accrues interest at one percent (1%) per month. Swift payment of the Agent's share of the MBO and TGR Settlement Proceeds will ensure that the Estate

[4] The Agent is not seeking advanced Special Counsel Fees as part of the Preferred Recovery (as those capitalized terms are defined within the Agent Agreement). Pursuant to the Compensation Arrangement and the Compensation Order, IMcP is reimbursing the Agent directly for the Advancement (as that term is defined in the Compensation Order) from the contingency fees paid to IMcP.

does not incur unnecessary costs due to interest on the "Preferred Recovery" amount. Thus, this request and the payment of $894,715.58 from the MBO and TGR Settlement Proceeds to the Agent will satisfy the Trustee's obligations under the Agent Agreement as to the MBO and TGR Settlement Proceeds, preserve value for the Estate, and is requested in the Trustee's business judgment.

29. The Trustee respectfully requests that the Court authorize and direct the Trustee to disburse to the Agent $894,715.58 plus per diem interest to the date of payment, from the MBO and TGR Settlement Proceeds.

## REQUEST FOR WAIVER OF RULE 6004(h)

30. To successfully implement the relief sought herein, the Trustee respectfully requests that the Bankruptcy Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a), and that the Trustee has established cause to exclude such relief from the 14-day stay under Bankruptcy Rule 6004(h).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court (i) enter an order in substantially the same form as the one attached hereto, and (ii) grant the Trustee such other and further relief to which she may show herself justly entitled.

**[*Remainder of page left intentionally blank*]**

Respectfully submitted,

*/s/ Joshua L. Shepherd*

**CHASE J. POTTER**
Texas Bar No. 24088245
E-Mail: potter@imcplaw.com
**JOSHUA L. SHEPHERD**
Texas State Bar No. 24058104
E-Mail: shepherd@imcplaw.com

**IACUONE MCALLISTER POTTER PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Telephone: (214) 432-1536

**COUNSEL FOR THE AGENT AND SPECIAL COUNSEL FOR TRUSTEE**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 26th day of August, 2026, true and correct copies of this Motion and proposed Order were electronically served by the Court's ECF system on the parties entitled to notice thereof and that, additionally, on the same day he caused true and correct copies of this Motion and proposed Order to be served, by U.S. first class mail, postage prepaid, on the parties listed on the attached service list.

*/s/ Joshua L. Shepherd*
**JOSHUA L. SHEPHERD**